```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Rosetta Simmons,

                Plaintiff,            MEMORANDUM OPINION
                                              AND ORDER (CPS)(RLM)

  -against-                                  CV-02-1575

New York City Transit Authority,

                Defendant.

```
----------------------------------------X
```

SIFTON, Senior Judge.

     Plaintiff Rosetta Simmons ("Simmons")commenced this action on March 13, 2002 against her employer, defendant New York City Transit Authority ("the Transit Authority") alleging that the Transit Authority discriminated against her on the basis of her disability in violation of: (1) the American with Disabilities Act; (2) the Rehabilitation Act of 1973; (3) New York State Human Rights Law; and (4) New York City Human Rights Law.  A jury trial took place from December 3, 2007 until December 10, 2007.  Prior to trial, the parties stipulated that in the event that the jury found in favor of plaintiff, the undersigned would determine the amount of economic damages to be awarded.  The jury reached a verdict in favor of plaintiff, awarding her $150,000 in compensatory damages.  Following the jury's verdict, the parties entered into a stipulation regarding the amount of backpay and pension credits to be included in the economic damages award, but

were unable to agree on compensation for lost benefit time. Presently before the court is the issue of whether plaintiff is entitled to compensation for paid holidays, vacation days, sick days, and personal days as part of her economic damages award. For the reasons set forth below, plaintiff will not be compensated for paid holidays, vacation days, sick days, and personal days as part of her economic damages award.

## BACKGROUND

The following facts are based on the parties' submissions in connection with this motion. Familiarity with the facts of the prior proceedings before the undersigned is assumed. Disputes, if any, are noted.

The collective bargaining agreement (CBA) between the Transit Authority and the Transport Workers Union of America, AFL-CIO, Local 100, provides that employees at Simmon's tenure level (employment for more than 15 years in connection with the maintenance and operation of a transit facility) are entitled to five weeks of vacation each year. CBA, Section 2.4(B4), Defendant's Exhibit [Def. Exh.] 2. Vacation days are not accruable and cannot be carried over to the next year. *Id.* at Section 2.4(E). Employees are entitled to ten paid holidays each year. *Id.* at Section 2.5. If an employee has to work on a holiday, the CBA provides for the payment of an additional eight hours for the holiday that could not be taken. *Id.* Any employee

who has not used sick leave during a calendar year may cash out up to two days at the end of the year. If only one sick day is used, the employee may cash out one sick day. *Id.* at Attachment C. Defendant states, and plaintiff does not dispute, that she had exhausted her sick leave bank in 2001.

After the jury reached a verdict in favor of plaintiff, the parties entered into a stipulation in connection with the pensionable gross lost wages for the period January 16, 2001 through March 22, 2003. *See* December 12, 2007 Stipulation. Gross wages in the amount of $97,099 are due to Simmons. Pension benefits will be calculated by the New York City Employee Retirement System (NYCERS) and pension contributions will be deducted from the gross lost wages of $97,099. The gross wages are to be reduced by the $28,350 in unemployment compensation that Simmons received for a net back pay loss of $68,749. The net back pay loss is subject to payroll deductions. Prejudgment interest of $12,202 was calculated based on the net back pay loss.

The parties dispute whether plaintiff is entitled to $19,079.90 in compensation for allegedly lost holidays, vacation, personal, and sick days. The breakdown is $9,835 for 50 vacation days; $393.40 for 2 personal days; $4,917.50 for 25 sick days; and $3,934 for 20 holidays.

**DISCUSSION**

"The purpose of back pay is to 'completely redress the economic injury the plaintiff has suffered as a result of discrimination'. . . The award should therefore consist of lost salary and fringe benefits." *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993)(quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1333 (6th Cir. 1988). Back pay has been held to include allowances for vacation time which would have been earned and holidays, as well as sick pay and other fringe benefits that plaintiff "would have received but for discrimination." *Gutzwiller*, 860 F.2d at 1333; *see also Rivera v. Baccarat, Inc.*, 34 F.Supp.2d 870, 876 (S.D.N.Y. 1999); *Ingram v. Madison Square Garden Center, Inc.*, 482 F.Supp. 918, 926 (D.C.N.Y. 1979); *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986); *Van v. Plant & Field Service Corp.*, 672 F.Supp. 1306 (C.D.Cal. 1987).

Defendant argues that plaintiff is not entitled to additional compensation for holidays, vacation, sick, and personal days, because the stipulated pensionable gross lost wages were calculated using a five-day work week over the course of a 52-week year.

As an initial matter, I note that because the CBA does not provide for the accrual of unused vacation days, had Simmons been working during 2001 and 2002, she would not have accrued unused vacation days that she could cash out or carry over to the

following year.

In addition, for employees who are required to work on holidays, the CBA provides for the payment of an additional eight hours for the holiday that could not be taken. As a result, had Simmons worked on a holiday she would have been paid for an additional eight hours, and would not have been able to accrue the unused holidays.

Bearing the terms of the CBA in mind, I find that because the stipulated gross wages already include the payment of wages for any period of time during which plaintiff would have been absent from work on account of holidays and vacation days, an additional award for holidays and vacation days would comprise double-counting. Only if the stipulated gross wages were limited to the number of actual days that Simmons was expected to work in a year, would it have been appropriate to credit Simmons for vacation days and holidays for each year.

With regards to the personal days, the record does not establish whether employees are permitted to cash out or accrue personal days. If the CBA does not provide employees with an option to cash out or accrue an unused personal day, then plaintiff is not entitled to additional compensation for personal days because the stipulated wages include any days that Simmons would have been absent from work using a personal day. Since plaintiff has not produced any evidence on the issue, she

is not entitled to additional compensation for personal days.

Turning to the issue of sick days, the CBA permits employees to cash out no more than two sick days during a calendar year in which an employee has not used any sick days. The sick leave provision of the CBA appears to be an incentive based reward to encourage attendance and is not considered an employee entitlement. Given that plaintiff was removed from her position after the start of the 2001 calendar year and had already used her allotted sick days by the time of her removal, she is not entitled to sick days for the 2001 calendar year. In 2002, Simmons would only have been eligible to cash out one or two sick days at the end of the year, based on the number of sick days taken earlier that same year. Plaintiff does not offer any evidence of past years when she qualified for cashing out sick leave that would assist the Court in its determination whether to award her compensation for two sick days. Because Simmons has not established that she would have been entitled to cash out sick days but for defendant's discrimination, I do not award her compensation for sick days. Accordingly, the total pensionable gross lost wages stipulated to by the parties adequately compensates plaintiff for the economic injury that she suffered on account of defendant's discrimination.

## CONCLUSION

For the reasons set forth above, plaintiff's request for

$19,079.90 in compensation for lost holidays, vacation, personal, and sick days is denied. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated:    Brooklyn, NY
           March 4, 2008

           By:       <u>/s/ Charles P. Sifton (electronically signed)</u>
                                       United States District Judge