```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Rosetta Simmons,

                    Plaintiff,          MEMORANDUM OPINION
                                        AND ORDER (CPS)(RLM)

     -against-                          CV-02-1575

New York City Transit Authority,

                    Defendant.
----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff Rosetta Simmons ("Simmons") commenced this action on March 13, 2002 against her employer, defendant New York City Transit Authority ("the Transit Authority") claiming that the Transit Authority discriminated against her on the basis of her disability in violation of: (1) the American with Disabilities Act; (2) the Rehabilitation Act of 1973; (3) New York State Human Rights Law; and (4) New York City Human Rights Law. A jury trial took place between December 3, 2007 and December 10, 2007. The jury returned a verdict for plaintiff, awarding her $150,000 in compensatory damages. On December 12, 2007, the parties stipulated to an award of $80,951 in economic damages. On March 5, 2008, I awarded plaintiff $194,447.95 in attorneys' fees and $4,175 in costs. Presently before this Court is plaintiff's motion for (1) additional attorneys' fees in connection with defendant's motion for judgment as a matter of law or in the alternative, a new trial, and (2) post-verdict, prejudgment

interest. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

Familiarity with the facts is assumed based on this Court's prior opinions. *See Simmons v. New York City Transit Authority,* No. 02-CV-1575, 2008 WL 630060 (E.D.N.Y. March 5, 2008); Memorandum Opinion & Order, *Simmons v. New York City Transit Authority,* No. 02-CV-1575 (E.D.N.Y. July 17, 2008).

## DISCUSSION

*Attorneys' Fees*

Plaintiff seeks an additional $25,652.50 in attorneys' fees in connection with defendant's motion for judgment as a matter of law.

Having denied defendant's motion, plaintiff is a prevailing party entitled to attorney fees under the American with Disabilities Act,[1] the Rehabilitation Act,[2] and the Administrative Code of the City of New York.[3]

The Second Circuit uses the "presumptively reasonable fee,"

---

[1] The ADA provides that a court may, "in its discretion ... allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs..." 42 U.S.C. § 12205.

[2] The Rehabilitation Act provides in relevant part: " In any action . . . to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

[3] The New York City Administrative Code provides: "[T]he court, in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code § 8-502(f).

known as the "lodestar figure" (or "lodestar") in other circuits, to determine reasonable attorneys' fees for federal claims. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007); *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994); *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118 (S.D.N.Y. 2007). The presumptively reasonable fee "is arrived at by 'multiplying the number of hours reasonably expended on the litigations ... by an hourly rate.'" *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)).

Plaintiff seeks fees for attorneys Gregory Antollino and Jason Baxter, at the hourly rates of attorneys practicing in the Southern District of New York ("Southern District"), which are higher than the hourly rates charged in the Eastern District. For the reasons discussed in my prior opinion, I again apply the billing rates of attorneys located in the Southern District and award Attorney Antollino's requested hourly rate of $325 and Attorney Baxter's requested hourly rate of $175 for work performed in connection with defendant's motion.

*Hours Expended*

"[A]ny attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records." *New York State Ass'n for Retarded*

*Children, Inc., v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). These records should specify, for each attorney, the date, the hours expended and the nature of the work. *Id.* However, "[i]t is not required that counsel describe in great detail how billable time was spent; it is sufficient to identify the general subject matter of time expenditures." *Aiello v. Town of Brookhaven,* No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. 2005)(citing *Perdue v. City Univ. of New York*, 13 F.Supp.2d 326, 345 (E.D.N.Y. 1998)).

Plaintiff's attorneys have submitted declarations stating that they expended a total of 90.1 hours on defendant's motion. Attorney Antollino's declaration includes a chart that describes the nature of the work performed as well as the dates and hours expended. Attorney Baxter's declaration provides dates and the number of hours expended as well as a the following description of the work performed:

> I spent the following hours reading Mr. Antollino's markings and digesting them for his purposes in responding to the motion. The work was attorney work necessary for providing Mr. Antollino with a draft statement of the testimony and an easily searchable record for responding to the motion.

Declaration of Jason M. Baxter ¶ 2.

Attorney Antollino has billed 60.3 hours and seeks $19,597.50 in fees for his services. Attorney Baxter has billed 34.6 hours and seeks $6,055 in fees for his services.

The Court may exclude hours that are found to be excessive

from the calculation of fees, *Perez v. Jasper Trading, Inc.,* No. 05-CV-1725, 2007 WL 4441062, at *10 (E.D.N.Y. 2007), or impose an across the board percentage cut. *See In re "Agent Orange" Products Liab. Litig.,* 818 F.2d 226, 237-238 (2d Cir. 1987).

Defendant argues that the hours expended by plaintiff's attorneys are excessive and duplicative. In support of its argument, defendant notes that Attorney Antollino only expended 35.8 hours on filing a response to defendant's Rule 50 motion after the first trial, as compared to the 60.3 hours billed in connection with the same motion after the second trial.

Based on my review of the documentation submitted, I find the hours billed excessive and will reduce the fees requested by ten percent. Although defendant's motion after the second trial raised an additional ground of relief pursuant to Fed. R. Civ. P. 59 as well as additional arguments in support of the Fed. R. Civ. P. 50 motion, most of the legal issues remained the same. Accordingly, $17,637.30 will be awarded for Attorney's Antollino's time spent on responding to defendant's motion.

With respect to the hours requested by Attorney Baxter, not only is the description of work unclear, but spending 34.6 hours reading and organizing Antollino's markings is excessive and could have been accomplished by a paralegal. Reducing the number of hours to ten and the hourly rate to $100 per hour, the rate requested by Attorney Baxter for paralegal work performed in the

previous motion for attorneys' fees, the total amount awarded for Attorney Baxter's time is $1,000. *See Staples, Inc., v. W.J.R. Associates*, No. 04-CV-904, 2007 WL 2572175, at *8 (E.D.N.Y. 2007)(reducing attorney fee to paralegal fee because an experienced attorney "was not required to assemble, copy, and collate motion papers."). Accordingly, plaintiff's motion for additional attorneys' fees is granted in the amount of $18,637.30.

*Post-Verdict, Pre-Judgment Interest*

Plaintiff seeks post-verdict, pre-judgment interest on the entire award from December 12, 2007 to the date that a judgment is entered. Plaintiff requests an interest rate of three percent, the amount that the Transit Authority is subject to under state law and to which the parties stipulated with respect to the economic damages award. Defendant does not oppose the motion for post-verdict interest or the rate requested.

NYCPLR § 5002[4] permits an award of post-verdict, pre-judgment interest for state law claims. Pursuant to New York

---

[4] NYCPLR § 5002 states:

Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.

McKinney's CPLR § 5002.

Public Authorities Law § 1212(6),[5] the rate of interest to be paid by the Transit Authority in an action for damages should not exceed three percent. Accordingly, plaintiff will be awarded post-verdict, pre-judgment interest on the entire award from December 12, 2008 to the date of entry of judgment at the rate of three percent.

**CONCLUSION**

For the reasons set forth above, plaintiff is awarded $18,637.30 in additional attorneys' fees as well as post-verdict, pre-judgment interest on the entire award from December 12, 2007 until the date that a judgment is entered to be calculated at an interest rate of three percent. Plaintiff is directed to settle judgment on notice. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated:   Brooklyn, New York
         July 17, 2008


             By:    /s/ Charles P. Sifton (electronically signed)
                             United States District Judge

---

[5] New York Public Authorities Law § 1212(6) states:

> The rate of interest to be paid by the authority, or by its officers or employees whose liability has been assumed by the authority pursuant to subdivision three of this section, upon any judgment or accrued claim against the authority or such officer or employee, shall not exceed three per centum per annum.

McKinney's Public Authorities Law § 1212(6).