UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

Rosetta Simmons,

Plaintiff,

MEMORANDUM OPINION AND ORDER

-against-

CV-02-1575 (CPS)(RLM)

New York City Transit Authority,

Defendant.

--------------------------------------X

SIFTON, Senior Judge.

Plaintiff Rosetta Simmons ("Simmons") commenced this action on March 13, 2002 against her employer, defendant New York City Transit Authority ("the Transit Authority") claiming that the Transit Authority discriminated against her on the basis of her disability in violation of: (1) the American with Disabilities Act; (2) the Rehabilitation Act of 1973; (3) New York State Human Rights Law; and (4) New York City Human Rights Law. A jury trial took place between December 3, 2007 and December 10, 2007. The jury returned a verdict for plaintiff, awarding her $150,000 in compensatory damages. On December 12, 2007, the parties stipulated to an award of $80,951 in economic damages. On March 4, 2008, I awarded plaintiff $194,447.95 in attorney's fees and $4,175 in costs. On July 17, 2008, I awarded plaintiff $18,637.30 in additional attorney's fees as well as post-verdict, pre-judgment interest to run from December 12, 2007 pursuant to

New York CPLR 5002. On July 22, 2008, plaintiff submitted a proposed judgment, which included pre-judgment interest on the awards of attorney's fees and costs. Presently before this Court is the issue of whether pre-judgment interest on attorney's fees and costs should be calculated from December 12, 2007. For the reasons set forth below, pre-judgment interest on the attorney's fees and costs will be calculated from the dates on which each of the fee applications was granted.

**BACKGROUND**

Familiarity with the facts is assumed based on this Court's prior opinions. *See Simmons v. New York City Transit Authority,* No. 02-CV-1575, 2008 WL 630060 (E.D.N.Y. March 5, 2008); *see also Simmons v. New York City Transit Authority,* No. 02-CV-1575, 2008 WL 2795138 (E.D.N.Y. July 17, 2008).

**DISCUSSION**

*Interest on Attorney's Fees*

Under New York law, "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. . ." McKinney's CPLR § 5002. The New York State Court of Appeals has stated that post-verdict pre-judgment interest is "simply the cost of having the use of another person's money for a specified period . . . It is intended to indemnify successful

plaintiffs for the nonpayment of what is due to them. . ." *Love v. State,* 78 N.Y.2d 540, 544 (1991)(internal quotation marks and citation omitted)(holding that interest should be calculated from the date that plaintiff's right to damages becomes fixed in law, which in a bifurcated personal injury action is the point when a liability verdict is reached).

In New York, "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004)(citations omitted). At least one New York court has granted pre-judgment interest on attorney's fees pursuant to CPLR 5002. *Aetna Cas. & Sur. Co. v. Whitestone General Hosp.*, 536 N.Y.S.2d 373, 376 (N.Y. Sup. 1988)(awarding interest on attorney's fees from the date of the arbitration award to the entry of judgment).[1]

*Interest Due on Plaintiff's Award of Attorney's Fees*

Defendant argues that plaintiff has incorrectly calculated post-verdict pre-judgment interest on the award of attorney's fees from December 12, 2007, the date on which the parties

[1] New York courts have more frequently considered interest on attorney's fees under CPLR 5001, which provides for interest in contract and property actions from the date when the cause of action first existed. *See* McKinney's CPLR 5001. In such actions, because attorney's fees "represent a conditional award or prerogative which does not mature until the underlying action or proceeding has been determined" prejudgment interest on attorney's fees accrues from "the date the court determine[s] that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees." *Solow Management Corp. v. Tanger,* 19. A.D.3d 225, 226-7 (1st Dep't 2005).

stipulated to an award of economic damages following the jury's December 10, 2007 verdict against defendant and award of compensatory damages to plaintiff. Relying on two district court cases examining post-judgment interest pursuant to 28 U.S.C. § 1961,[2] *Private Sanitation Union Local 813 v. Gaeta-Serra Associates, Inc.*, No. 02-CV-5526, 2005 WL 2436194 (E.D.N.Y. 2005), and *Albarhary v. City & Town of Bristol, Conn.,* 96 F.Supp.2d 121 (D.Conn. 2000), defendant argues that interest on attorney's fees and costs began to accrue on the dates when the Court granted each of plaintiff's fee applications. Plaintiff maintains that interest on attorney's fees and costs was properly calculated from the date when damages were determined, even though attorney's fees and costs were not awarded by the Court at that time.

Under New York law plaintiff may receive pre-judgment interest on the award of attorney's fees. *See Aetna Cas. & Sur. Co.*, 536 N.Y.S.2d at 376. Here, plaintiff sought attorney's fees as the prevailing party under the American with Disabilities

---

[2] 28 U.S.C. § 1961 states in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . .

28 U.S.C. § 1961(a).

Act,[3] the Rehabilitation Act,[4] and the Administrative Code of the City of New York.[5] Because each of these statutes leaves the award of attorney's fees to the discretion of the court, plaintiff's entitlement to attorney's fees was established on the date that this Court granted her fee applications. *See U.S. Underwriters Ins. Co.*, 3 N.Y.3d at 597; *see also Nicholson v. Williams*, No. 00-CV-2229, 2004 WL 4760138, at *3 (E.D.N.Y. 2004)(holding that plaintiffs were not entitled to interest on attorney's fees until determination of entitlement by the court and noting that "[w]hile there is a presumption that a prevailing party should recover fees in a civil rights action . . . there are special circumstances that would render such an award unjust")(internal quotation marks and citation omitted); *but cf. Pappas v. Watson Wyatt & Co.*, No. 04-CV-304, 2008 WL 350633, at *3 (D.Conn 2008)(holding that in a civil rights action interest should be calculated from the date of judgment, which was prior to the Court's ruling on attorney's fees, since attorney's fees are provided to prevailing plaintiffs "almost without

---

[3] The ADA provides that a court may, "in its discretion ... allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs..." 42 U.S.C. § 12205.

[4] The Rehabilitation Act provides in relevant part: " In any action . . . to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

[5] The New York City Administrative Code provides: "[T]court, in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code § 8-502(f).

exception”).

The Court recognized that plaintiff was entitled to attorney’s fees and costs and calculated the amount of the award due to plaintiff in a Memorandum Opinion and Order issued on March 4, 2008. On July 17, 2008, after denying defendant’s motion for judgment as a matter of law, the Court granted plainitff’s subsequent application for attorney’s fees and calculated the additional award due to plainitff. Accordingly, plaintiff’s right to attorney’s fees and costs was established on March 4, 2008 and July 17, 2008, respectively, which are the dates from which interest began to accrue on the attorney’s fees awards.

**CONCLUSION**

For the reasons set forth above, interest on the awards of attorney’s fees and costs is to be calculated from the dates on which the Court granted each of plaintiff’s fee applications. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2008

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge